## STATE v. WEST.

It was error not to permit a witness for defendant to give her version of a conversation. wherein it was claimed by the state admissions by defendant of guilt had been made, as defendant was entitled to show the whole conversation.

On a criminal trial a witness testified that defendant had admitted his guilt to his mother, in witness' presence, in a conversation between them in the sheriff's office. Defendant called his mother as a witness, but she was not permitted to give her version of the conversation. Thereafter she stated that she had had a conversation with defendant, and that it was had out in the hall, and not in the office. Held, that since the testimony of defendant's mother virtually denied the truth of the other witness' testimony, and since, if the jury believed her, they must conclude that no such admissions were made in the office, error in refusing to allow her to testify to the conversation in the office was harmless.

Haney, J., dissenting.

(Opinion filed, Jan. 20, 1910.)

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Fred West was convicted of the rape of a female under 18 years, and he appeals from the judgment of conviction and an order denying a new trial. Affirmed.

*Preston & Hannett,* for appellant. *S. W. Clark, Atty. Gen., C. D. Sterling, Asst. Atty. Gen.,* and *William M. Herbert, State's Atty.,* for the state.

WHITING, P. J. Defendant was convicted in the circuit court of the crime of rape committed upon the person of one Rosa French, a girl under the age of 18 years. A motion for new trial having been denied, defendant appealed to this court from such judgment of conviction and from the order refusing a new trial.

The evidence on the part of the state consisted of the testimony of Rosa French, to the effect that at a certain time and place the defendant committed the offence charged; the testimony of the sheriff and deputy sheriff to the effect that in their presence and hearing the defendant confessed to the state's attorney the crime charged and gave the time and place thereof, which confession corroborated wholly the testimony of Rosa French; and the testimony of a police justice to the effect that, in his presence and hearing, the defendant admitted to his mother that he had committed the crime charged against him. The appellant complains of various rulings of the court admitting and rejecting evidence, and also complains of one charge of the court to the jury, and of the failure of the court to give certain charges requested by the defendant.

We have given to the record and argument very careful consideration, and, though ordinarily we feel that where the offence charged is of so serious a nature we should consider in detail every assignment argued, yet in this case it seems to us that most of the assignments of error are so clearly without merit that it would serve no beneficial purpose to discuss the same.

The charge complained of is but a portion of the whole charge bearing on the point then under consideration by the court, and the charge on this point, taken as a whole, is eminently fair to both sides. Every charge asked for and to which the defense was entitled was given by the learned trial court in its own language in a very full and exhaustive set of instructions.

As hereinbefore stated, part of the state's evidence was the statement of the justice as to certain admissions of defendant made in his presence to the mother of defendant. This testimony, as well as that in relation to confession made to state's attorney, was clearly competent and properly received over the objections made by the defense, and this case would need no further consideration at our hands if it were not for the rulings of the trial court excluding testimony of the defendant's mother, offered by the defense to show such witness' version of the conversation wherein it was claimed these admissions were made. The justice had testified that these admissions had been made to the defendant's mother while the mother and her son were sitting on a lounge in the sheriff's office; that at that time the mother had asked her son, "Did you have intercourse with this girl as it says in that paper there?" (pointing to the complaint); that the defendant answered, "I did;" that the mother then asked, "More than once?" to which the son answered, "Yes." The defendant called his mother as a witness, and several questions were asked of her which would tend to bring out the conversation between her and her son in the sheriff's office. These questions were objected to and objections sustained. This was clearly error, as the defense had the right, either by cross-examination of the state's witness or by calling its own witness, to bring before the jury the whole of this conversation, if one was held. 3 Ency. of Evidence, 349; 12 Cyc. 462; 6 A. & E. Ency. Law, 574. After the court had refused to allow the mother to answer these questions, she stated that she heard the complaint read in the office, and that she did have a conversation with her son after the paper was read; that this conversation was had out in the hall, but not in the office. No attempt was made to show what that conversation was. We therefore have the testimony of the mother virtually denying the truth of the testimony of the justice, because she claims the conversation had after she knew the contents of the complaint was not held in the office, and, if the jury believed her, they must conclude that no such admissions were made by defendant in the sheriff's office. Thus the error of the court in refusing to allow the mother to testify to the conversation in the office was rendered harmless.

The judgment of the trial court and order denying a new trial are affirmed.

HANEY, J., dissenting.